```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

RICHARD FLAMMER,                :
                                :      No. 1:09-cv-898
    Plaintiff,                  :
                                :
    VS.                         :      **OPINION AND ORDER**
                                :
MICHAEL J. ASTRUE,              :
Commissioner of Social          :
Security,                       :
                                :
    Defendant.                  :
                                :

This matter is before the Court on the Magistrate Judge's August 23, 2010 Report and Recommendation (doc. 10), Defendant's Objections (doc. 11), and Plaintiff's Response (doc. 12). For the reasons indicated herein, the Court AFFIRMS the Magistrate Judge's Recommended Decision, ADOPTS the Magistrate Judge's Report and Recommendation and REMANDS this case for further consideration.

**I. Background**

Plaintiff applied for both Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in November 2005, alleging an onset date of disability of October 1, 2005, because of fractured vertebra in his neck, no functional use of his right arm and high blood pressure (doc. 10). His applications were denied both initially and on reconsideration, and he was given a hearing before an Administrative Law Judge ("ALJ"), where he was represented by counsel (Id.). Plaintiff testified on his own behalf, and the ALJ also heard from a Medical Expert ("ME") and a

Vocational Expert ("VE") (Id.).  In June 2009, the ALJ denied both of Plaintiff's applications (Id.).  Plaintiff appealed to the Appeals Council, which denied review; Plaintiff then sought review from this Court, and by general order of reference the matter was referred to the Magistrate Judge (Id.).

The Magistrate Judge reviewed the record and in his Report and Recommendation concluded that the ALJ's decision should be reversed and the case remanded for further proceedings because the ALJ's decision regarding Plaintiff's ability to perform other work in the national economy was not supported by substantial evidence (Id.).  Defendant timely objected to the Magistrate Judge's Report and Recommendation (doc. 11), Plaintiff replied (doc. 12), and the matter is now ripe for the Court's consideration.

**II. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge's Report and Recommendation thoroughly lays out the facts and procedure of this case, and the Court will not reiterate them in detail here.  In brief, the ALJ determined that the severe impairments from which Plaintiff suffers did not meet or equal the level of severity described in the Listing of Impairments; that Plaintiff has the residual functional capacity to perform sedentary work; that he is unable to perform his past relevant work; but that, based on the VE's testimony, Plaintiff could perform other jobs that exist in significant

numbers in the national economy (Id.).  Consequently, the ALJ determined that Plaintiff is not disabled under the Social Security Act (Id.).

The Magistrate Judge determined that, for the most part, the ALJ's decision was supported by substantial evidence (Id.). However, the Magistrate Judge found that the ALJ's decision with respect to the jobs that Plaintiff could perform was not supported by substantial evidence because two of the three jobs recommended by the VE conflicted with the Department of Transportation numbers the VE used to support his own opinion (Id.).  The Magistrate Judge found that the conflicting evidence presented by the VE called the VE's reliability and credibility into question such that the VE's testimony did not provide the ALJ with substantial evidence upon which to make his determination (Id.).

Specifically, the VE identified three jobs Plaintiff could perform in the regional and national economy given his RFC for sedentary, unskilled work that could be performed by someone with use of only one arm: dispatcher under DOT 239.167-014, which the VE described as unskilled, sedentary work; surveillance systems monitor under DOT 379.367-010, which he also described as unskilled, sedentary work; and small products assembler under DOT 706.684-022, which he did not qualify as unskilled or sedentary (Id.).  However, the dispatcher job actually has a specific vocational preparation ("SVP") rating above unskilled and the small

parts assembler job has a "light" not a "sedentary" classification (Id., doc. 6). The Magistrate Judge noted that a conflict then arose between the VE's opinion and the actual job requirements, which conflict should have been resolved by the ALJ (Id.). The Magistrate Judge recognized that the DOT is not the only source of vocational evidence upon which an ALJ may rely but noted that when, as here, the VE actually relied on and cited to the DOT to support his opinion and the DOT does not, in fact, support his opinion, the ALJ "must resolve that inconsistency before making a determination" about Plaintiff's ability to perform a significant number of jobs in the economy (Id.). The Magistrate Judge therefore recommends to this Court that the decision be reversed and the case remanded for a vocational evidentiary hearing (Id.).

**III. Defendant's Objections & Plaintiff's Response**

Defendant argues that the conflict between the VE's testimony and the DOT does not warrant reversal and remand because Plaintiff did not bring the conflict to the attention of the ALJ and first raised the issue in his appeal to this Court (doc. 11, citing Martin v. Commissioner of Social Security, 170 Fed. Appx. 369, 374 (6th Cir. 2006)).

Plaintiff does not address Martin but instead places great emphasis on the fact that Defendant essentially conceded in his briefing before the Court that the dispatcher and small parts assembler jobs are different in exertion and skill levels than what

-4-

was presented by the VE (doc. 12).  Plaintiff seems to suggest here that such a concession disposes of the issue.  In addition, Plaintiff has attached to his response copies of ONET publications demonstrating that the SVP of the one remaining job, surveillance systems monitor, is a 4-6, which is greater than the SVP of 1-2 for unskilled jobs (Id.).  Plaintiff argues that, since the VE was unreliable and Plaintiff is unqualified for the one remaining job, the Court should reverse the denial of benefits and grant him immediate benefits.  In the alternative, Plaintiff urges the Court to follow the Magistrate Judge's recommendation and reverse and remand for an evidentiary hearing (Id.).

**IV. Discussion and Conclusion**

Having reviewed this matter de novo, the Court reaches the same conclusions as the Magistrate Judge and finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.

Regarding Defendant's objections, it is clear from the record, including the transcript of the hearing before the ALJ, that the ALJ relied on the testimony of the VE to reach his determination that Plaintiff was qualified for the three jobs identified by the VE.  It is, as Defendant points out, equally clear that Plaintiff did not call the ALJ's attention to the conflict and raises it for the first time before the Court. Regardless of any concessions Defendant may have made, this would

appear at first blush to fall within <u>Martin</u>'s ambit, where the court found that the claimant's failure to bring the conflict to the attention of the ALJ left only the vocational expert's uncontradicted testimony for the ALJ to consider, and it was reasonable for the ALJ to rely on such uncontradicted testimony. <u>Martin</u>, 170 Fed. Appx. at 374. However, in <u>Martin</u>, the court noted that the ALJ specifically asked if there was a conflict between the vocational expert's testimony and the DOT, and the expert testified that no conflict existed. <u>Id</u>.

Here, the ALJ did not pose that question. Instead, at the outset of the VE's testimony, the ALJ said, "if at any time your testimony were to differ from the DOT, please just let me...know." While this may appear to be a distinction without a difference, the Court finds it significant in this context because when an ALJ relies so heavily on the testimony of a vocational expert, the ALJ and the claimant should be able to trust that the information provided by the expert will be correct. As a way of ensuring that it is, the ALJ is specifically instructed to ask the expert "if the evidence he...has provided conflicts with information provided in the DOT." <u>See</u> Social Security Ruling 00-4p (December 4, 2000): Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions (SSR 00-4p). This question, posed after an expert's testimony, allows the expert, the

ALJ and the claimant an opportunity to ascertain whether a conflict exists and would give the claimant an opportunity to independently call any such conflict to the ALJ's attention, which would then allow the ALJ to resolve the conflict and/or ascertain whether and how the conflict affects the expert's credibility.  Here, though, where the ALJ mentioned the conflict issue in a general way before the VE's testimony began, the same opportunities are less readily present.  It would have been preferable, of course, had Plaintiff raised the conflict issue at the time of the ALJ hearing so that the ALJ could resolve the conflict and decide whether to credit the VE's testimony in light of the conflict.  However, where the ALJ did not specifically ask about conflicts after the VE testified, the Court cannot see how justice would be served by not allowing the ALJ to undertake this process on remand.

The Court will not review the ONET documents provided, which purport to call Plaintiff's ability to perform the remaining job into question, as that is an evidentiary task better suited to be done on remand.

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's findings, as outlined in his Report and Recommendation, are correct.  Therefore, the Court hereby AFFIRMS the Magistrate Judge's Recommended Decision, ADOPTS the Report and Recommendation, and REMANDS this case for further proceedings consistent with this

opinion.

SO ORDERED.

Dated: September 21, 2010     /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge

-8-